COLE, Judge.
This case involves an accident between motorist Frank West and pedestrian Charles Handy. Plaintiff-appellant Handy[1] contends the trial court erred in failing to find Mr. West negligent, in failing to grant the motion for a new trial and in failing to allow appellant to proffer certain substantive testimony at the hearing on the motion for the new trial. We find no manifest error as to any of the three issues, therefore we affirm.
This litigation arose from the following facts. On November 24, 1979, at approximately 2:15 a. m., Charles Handy and his companion Marvin Parker were walking along Acadian Thru way West in Baton Rouge, en route from one nightclub to another. Mr. Handy testified they were facing the traffic, walking in the 56 inch wide bicycle lane when they were struck by Mr. West’s vehicle. Mr. West was traveling on Acadian Thruway West in a 1969 Cadillac. He testified he was driving at a slow to moderate speed in the right hand lane of traffic when the two men simply stepped out in front of him. Both pedestrians were injured and required hospitalization. There were no witnesses to the accident.
Officer Charles Stegall of the Baton Rouge Police Department arrived at the scene at approximately 2:30 a. m. and stated in his accident report the point of impact occurred when the pedestrian was about two-thirds into the right hand lane of traffic. The physical evidence showed Mr. West’s ear left skid marks eight feet long, indicating he was able to stop within a reasonably short distance and was therefore not exceeding the 45 mile per hour speed limit.
There were questions raised at trial concerning the possible intoxication of either party. The accident report contained a statement by Mr. Handy (which he gave at the hospital) that he had been out drinking and was on his way home. At trial he stated he had consumed only two mixed drinks. When questioned carefully he said he was not drunk, but agreed with the court’s comment that he was “in between” sober and drunk. Mr. West testified he had consumed one beer immediately prior to the accident.
The trial court apparently considered the conflicting testimony and found Mr. West’s version of the accident to be the most credible. The court noted the accident report indicated the pedestrians were walk *474 ing in -the traffic lane when hit. The court rendered judgment in favor of the defendant and stated in oral reasons that it found plaintiff had failed to prove the defendant to be negligent.
Appellant argues the court erred in failing to find Mr. West negligent. We find no error in the conclusion of the trial court. As always, the trier of fact has a great deal of discretion in his fact finding process, particularly in relation to matters of credibility of witnesses. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). There was conflicting testimony and the trial court acted within its discretion in accepting one version over the other. The record establishes the trial court is not clearly wrong. Arceneaux, supra.
Because of the sufficient evidence to support the conclusions of the trial court, we find no merit in appellant’s argument that the court erred in refusing to grant a new trial on the grounds the judgment was clearly contrary to the law and evidence.
In his application for a new trial appellant contended he had only recently (since the trial) been able to locate Marvin Parker, the companion who was also injured in the accident. In his brief, appellant (through his counsel) alleged he had used “every effort within his power” to contact the witness before the trial but had been unable to do so. Therefore, he contended he was entitled to a new trial under La. Code Civ.P. art. 1972(2).[2]
We find no merit in appellant’s contention he used “due diligence” to locate this witness. The witness had been listed on plaintiff’s pretrial order. At trial, appellant’s attorney made the following remark to the trial court.
“Your honor, I had subpoenaed Marvin Parker, but I understand he is paralyzed from the accident, and he has also moved, so I won’t be calling him.”
We find this statement made in open court to be a judicial admission that the attorney was not overly concerned about locating this witness and it certainly indicates he had not taken any extraordinary steps to do so. Further, in his brief appellant’s counsel stated he was unaware the subpoena had not been served until the day of the trial, September 22, 1980, nor was he aware that the address given for the witness by the police was erroneous until November 21, 1980. Obviously, if counsel was conducting a diligent search for this witness he could have checked to see if service had been made prior to trial. Likewise, his admission that he was unaware of the incorrect address until two months after trial indicates he made no other attempt to locate the witness prior to trial.
At the hearing on the motion for a new trial, the trial court allowed Mr. Parker to testify (by proffer) as to his whereabouts during this period of time. We find it unnecessary to consider this testimony because the record reflects clearly appellant’s counsel did not make a “due and diligent” search for this witness. The court acted correctly in refusing to grant a new trial on this basis.
Appellant’s final argument is that although the court denied the motion for a new trial he should have been allowed to proffer the testimony of Mr. Parker concerning the facts surrounding the accident. (He wanted to proffer this testimony at the contradictory hearing on the motion for the new trial.) This request is inconsistent with the trial court’s denial of the new trial. Since the motion for a new trial was denied, it would be inappropriate to allow the mover to introduce evidence concerning the substantive facts of the accident. To allow such testimony would make the court’s denial of the new trial meaningless. Once the court denied the new trial the plaintiff was *475 precluded from offering any substantive evidence concerning the suit.
For these reasons, the judgment of the trial court is affirmed. Court costs are assessed against appellant.
AFFIRMED.

. The plaintiff has prosecuted this suit in forma pauperis.

. Art. 1972 reads as follows:
“A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1)Where the judgment appears clearly contrary to the law and the evidence;
(2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or
(3) In jury cases, as provided in Article 1814.”